Chief Justioe Simpson
delivered tlie opinion of the Court.
This was an ordinary proceeding by petition, against Brannin and Smith as the surviving partners of Smith & Co.1 on a note for $517 44, executed in the name of the firm, to John P. Foree, and payable on the 8th day of June, 1839.
The defendants answered, and averred that the whole of the debt sued for, except eight or ten dollars, had been paid, and no more of It remained due.
*507 A jury having been sworn to try the issue, returned a verdict in which they found for the plaintiffs, the debt in the petition mentioned, and one cent in damages.
A motion for a new trial, and also in arrest of judgment, having been overruled, the defendants have appealed to this Court.
The pi’opriety of granting or refusing a new trial, depended exclusively upon the correctness of the decision of the Court in excluding from the consideration of the jury, certain proof made by the defendants, in support of the defense contained in their answer.
The testimony thus excluded was as follows: That Thomas Smith, who was a member of the firm at the time the note sued on was executed, but who had since died, acted as clerk for the firm. That the entries in the books of the firm, showed the execution of the note to Foree, and the subsequent payment of the whole amount of it, except ten dollars or thereabouts. These entries were in the hand-writing of Smith, and the books in which they were contained were the regular account books of .the firm. The witness who proved these facts, also testified that he had been the acting clerk in the house of Smith & Co., until within a short time before the execution of the note to Foree that after the partner Smith commenced acting as clerk, he was frequently absent from home, and the witness who was still in the store, on such occasions assisted in attending to the business. He also proved that there were other entries in the books, both bofore and after the entries in relation to this note, evidencing other business transactions between the parties, but not referring to the note sued upon; and that he (had, after he ceased to be clerk, examined the books of the firm almost every day, and so far as his knowledge extended they were correctly kept. From the fact that the entries relied upon to show the payment of the debt, were made regularly in the books of the firm, and were in the hand-writing of the said Thomas Smith, *508 deceased, he had no doubt the entries were correct and in accordance with the fact. The books and the entries referred to were present, and offered as evidence.
Enfries made in shop books made by disinterested clerks, have in some cases been held to be competent evidence for the shop own ers, when lhe nature of the case is such as to render better evidence unattainable. And in some eases has been extended to entries made by a party himself, though such proof should be made with great caution, and nev er to prove the payment of any note or money due: (1 Yeates 347. 4 Muss. Hep. 231.
Entries made in shop books, are in some cases held to be admissible as evidence of the sale and delivery of goods therein charged, the entry having been made by a disinterested clerk, in books kept for the purpose, where the nature of the subject is such as not to render better evidence attainable.
This doctrine has, in some cases, been extended to entries made by the party himself, in his own shop books, but such evidence being furnished by the act of the party himself, is received with greater caution.
To lender such entries admissible as evidence, the books must appear to contain a register of the daily business of the party, and to have been honestly and fairly kept; and the person who made the entries must swear that the articles charged were actually sold and delivered, that the entries are the original ones, and were made at or about the time of the transactions, and that the sums charged and claimed have not been paid. (1 Vol. Greenleaf on evidence. Sec 118 and note 1.)
Evidehce of this description is admitted upon the principle of “ moral necessity.” It is received upon the presumption, that unless it be admitted there will be a total failure of proof, and that injustice will consequently result. It is, however, but secondary evidence, and that of the lowest grade. The principle upon which it is rendered admissible is therefore limited in its operation to that character of dealing, to which the law has prima facia ascribed a destitution of the ordinary means of proof, viz; the daily sale and barter of merchandize and other commodities, the performance of services and letting of articles to hire, and probably the payment, from time to time, of money placed on deposit — circumstances so frequent in succession, and generally so trivial in their individual amount, that the procurement of formal proofs cannot be expected, and would not compensate for the time necessary for the purpose-
An entry by a merchant marie by himself of the giving a note, and the payment thereof, after his death — held to be incompetent evidence for his partner in a suit upon the nole to show payment.
A verdict under the code of prac tice, (sec. 371,) finding lor the debt in the petition mentioned, is sufficiently certain.
If the competency of the proof in this case be tested by the subject matter, the entries in the books and the evidence in relation thereto were properly rejected. It was not the sale of merchandize, or the performance of services, or the use of property hired and returned, or the payment from time to time of money on deposit, but the payment of an outsanding debt, evidenced by a note in writing ; a payment on which should be established, according to the usual course of dealing, either by a written receipt endorsed upon the note, or taken upon a separate paper. In those States where this character of testimony is deemed competent for any purpose, it is not deemed sufficient to prove the payment of money. Decoign vs. Schreppel, 1. (Yeates 347.) Prince vs. Smith, 4. (Mas. Reports 455.) Juniatta Bank vs. Brown, 5. (Serg. & Rawle 231.)
The proof in this case also lacked an essential ingredient, which seems to be absolutely indispensible to render it competent. It was not accompanied by the oath of the party who made the entries, nor by the oath of any person wrho knew the entries to be correct. But if this had been done, it related to a subject matter, about which the entries in the books were not admissible, and it was proper to exclude them. How far the doctrine upon this branch of the law of evidence may be applicable, or whether it will be regarded as extending to a case of any kind in this State, is not now decided, but is left open until the question shall arise.
The motion in arrest of judgment was based on the provisions in the code of practice, which requires the jury in their verdict, when either party is entitled to recover money of the adverse party, to assess' the amount of recovery, (Sec 371,) and which directs the clerk to enter the judgment in conformity to the verdict. (Sec 422.)
The verdict found for the plaintiff the debt in the petition mentioned. The jury subtantially assessed the amount of the recovery in the verdict. The amount is rendered sufficiently certain by the record. The judg *510 ment for the debt and interest is in conformity to the verdict. The debt in the petition mentioned carried interest as a matter of law, and the verdict for the debt was in law a verdict for the interest also. The motion in arrest of judgment wras therefore properly overruled!
Reed for appellants ; Nuttall for appellees.
Wherefore the judgment is affirmed.